

# IN THE
# TENTH COURT OF APPEALS

## No. 10-14-00252-CV

## IN THE MATTER OF THE MARRIAGE OF RANDAL REYNOLDS RAMSEY AND SHERYL LEIGH WILLIAMS ECHOLS

## and

## No. 10-14-00259-CV

## IN RE RANDAL REYNOLDS RAMSEY

**From the County Court at Law No. 1**
**Brazos County, Texas**
**Trial Court No. 10-001308-CVD-CCL1**

## MEDIATION ORDER

The Legislature has provided for the resolution of disputes through alternative dispute resolution (ADR) procedures. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 154.001-154.073 (West 2005). The policy behind ADR is stated in the statute: "It is the policy of this state to encourage the peaceable resolution of disputes . . . and the early settlement of pending litigation through voluntary settlement procedures." *Id*. § 154.002 (West 2005). Mediation is a form of ADR. Mediation is a mandatory but non-binding

settlement conference, conducted with the assistance of a mediator.  Mediation is private, confidential, and privileged.

We find that this appeal is appropriate for mediation.  *See id.* § 154.021(a) (West 2005); 10TH TEX. APP. (WACO) LOC. R. 9.

The Court assigns Linda McLain as mediator.  Her address and phone number are as follows:

Linda McLain
1903 Dove Crossing Lane
Navasota, TX 77868
(936) 825-6533
Fax (936) 825-8599

Mediation must occur within sixty days after the date of this order; however, it is left to the parties and the mediator to agree on the location of the mediation.

No less than seven calendar days before the first scheduled mediation session, each party must provide the mediator and all other parties with an information sheet setting forth the party's positions about the issues that need to be resolved.  At or before the first session, all parties must produce all information necessary for the mediator to understand the issues presented.  The mediator may require any party to supplement the information required by this Order.

Named parties must be present during the entire mediation process.

Immediately after mediation, the mediator must advise this Court, in writing, only that the case did or did not settle and the amount of the mediator's fee paid by

each party. The mediator's fees will be taxed as costs. Unless the mediator agrees to mediate without fee, the mediator must negotiate a reasonable fee with the parties, and the parties must each pay one-half of the agreed-upon fee directly to the mediator.

Failure or refusal to attend the mediation as scheduled may result in the imposition of sanctions, as permitted by law.

Any objection to this Order must be filed with this Court and served upon all parties within ten days after the date of this Order, or it is waived.

We refer the appeal in Cause No. 10-14-00252-CV to mediation as well as Cause No. 10-14-00259-CV.


PER CURIAM

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Order issued and filed November 20, 2014
Do not publish

